# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ALPHONSO BAILEY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 1336 |
| | ) |
| **TOM DART**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Cook County Department of Corrections ("County Jail") inmate Alphonso Bailey ("Bailey") has utilized the printed form of 42 U.S.C. § 1983 ("Section 1983") Complaint made available by the Clerk's Office to sue Cook County Sheriff Tom Dart and three other defendants for the claimed violation of his constitutional rights. Bailey has accompanied the Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

This Court's initial responsibility, given the federal courts' obligation to deal only with litigation prescribed by Congress, has been succinctly described nearly three decades ago in Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

And as reiterated a decade ago in Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005) (internal citations and quotation marks omitted):

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

In this instance Bailey seeks to invoke Section 1983 to advance a claim of malicious prosecution. And on that score Llovet v. City of Chicago, 761 F.3d 759, 760 (7th Cir. 2014) exemplifies the consistent teaching of our Court of Appeals that such an attempted Section 1983 action is outside the bounds of federal subject matter jurisdiction:

> The district court dismissed the plaintiff's suit on the authority of our decision in Newsome v.McCabe, 256 F.3d 747, 750-51 (7th Cir. 2001), which holds (as do subsequent cases of ours such as Avila v. Pappas, 591 F.3d 552, 553-54 (7th Cir. 2010), and Gauger v. Hendle, 349 F.3d 354, 359 (7th Cir. 2003)) that a federal suit for malicious prosecution by state officers is permissible only if the state in which the plaintiff had been prosecuted does not provide an adequate remedy, which (the plaintiff does not deny) Illinois does. See Swick v. Liautaud, 662 N.E.2d 1238, 1242 (Ill. 1996).

Hence both Bailey's Complaint and this action must be and are dismissed for lack of federal subject jurisdiction, and this Court so orders.[1]

But that is not the end of the story for Bailey, because our Court of Appeals has held that 28 U.S.C. § 1915 ("Section 1915") mandates that any prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee" (Section 1915(b)(1) (Newlin v. Helman, 123 F.3d 429, 432-33 (7th Cir. 1997), overruled on a different issue in Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)).[2] And for better or worse that means that the price of a filing fee is imposed on the very effort to enter the federal courthouse door, even if that effort is ill-conceived.

---

[1] That also calls for the denial of Bailey's Motion (Dkt. 4) as moot, and this Court so orders.

[2] Newlin, id. at 433 added that a prisoner plaintiff who evidences "an unconditional desire to appeal" thereby "irrevocably incurs an obligation to pay the fee." That notion of irrevocability would seem logical to extend as well to the prisoner who has evidenced an unconditional desire to bring suit by the very act of filing his or her complaint.

Here Bailey has complied with the requirement of Section 1915 that the Application be accompanied by a printout reflecting all transactions in his trust fund account at the County Jail, where he had been in custody for three months (not six months) before bringing this action (see Section 1915(a)(2) and 1915(b)(1)(A)), and that printout shows average monthly deposits of $53 to that account during that period. Under Section 1915(b)(1)(A) Bailey must pay the full filing fee of $350 despite the dismissal ordered here, with the initial partial payment on account of the filing fee being 20% of that amount, or $10.60, plus 20% of any deposits to his trust fund account since January 20, 2015.

Accordingly Bailey is assessed that initial partial filing fee, and the County Jail trust fund officer is ordered to collect that amount from Bailey's trust fund account there forthwith and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment the trust fund officer at the County Jail (or at any other correctional facility where Bailey may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Bailey's name and the 15 C 1336 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

In sum, both the Complaint and this action are dismissed for lack of subject matter jurisdiction, but Bailey remains liable for the full filing fee in future installments, so that his Application (Dkt. 3) is granted in the special sense prescribed for prisoner plaintiffs). Next, as stated in n.1, Bailey's Motion (Dkt. 4) is denied as moot. And finally, the dismissal ordered here is a "strike" for purposes of Section 1915(g).

                                              Milton I. Shadur
Date: February 24, 2015                Senior United States District Judge